IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES A. BRINKLEY,

    Petitioner,                    No. 2:12-cv-0386 CKD P

    vs.

YUBA COUNTY SUPERIOR COURT,      ORDER &

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis. Petitioner commenced this proceeding by filing a petition for writ of mandate, which was dismissed with leave to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. Nos. 1, 7.) Petitioner instead filed a motion for injunctive relief. (Dkt. No. 9.) On May 31, 2012, this court denied petitioner's motion for injunctive relief and again granted him leave to file an amended petition. (Dkt. No. 9.) On June 14, 2012, petitioner filed a First Amended Petition seeking relief under 28 U.S.C. § 2254 . (Dkt. No. 10.)

        Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and attached exhibit that petitioner is not

entitled to federal habeas relief.  He complains that "the court of Yuba County will not properly rule on petitioner's habeas application[,]" and seeks an order "directing and compelling" the superior court to correct its "null" decision on the state petition.  (Dkt. No. 10 at 1, 13.) Petitioner asserts that the Yuba County Superior Court violated California Rule of Court Rule 4.551 et seq. (governing state habeas corpus proceedings) and California Penal Code § 1473 et seq. (same).  (Id. at 12.)  He states: "At this point I am challenging the lack of state procedure in my habeas corpus filing."  (Id. at 2.)  And: "Petitioner is not, in this petition, challenging his conviction, he is challenging the lack of corrective process in the state courts."  (Id. at 48.) Among other things, petitioner argues that the state court judge who ruled on his amended habeas petition was biased.  Petitioner claims this constituted a denial of due process of law.  (Id. at 8.)

        This court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is unavailable for alleged error in the interpretation or application of state law.  Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Insofar as petitioner is arguing that his state post-conviction proceedings were procedurally defective under state law, he does not assert a claim for federal habeas relief.

        To the extent petitioner bases his claim on the federal Constitution, federal habeas relief is not available to redress procedural errors in the state collateral review process.  Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) (claim concerning the alleged bias of a judge in post-conviction proceeding for relief).  See also Martinez v. Hartley, 2011 WL 3319550 at *3 (E.D. Cal. Aug. 1, 2011) ("In summary, Petitioner's claims that are based on state law and that concern

2

the state post-conviction process are not cognizable in this proceeding and must be dismissed without leave to amend.")  As petitioner has been given two opportunities to amend to state a claim for federal relief, and has failed to do so, the petition should be summarily dismissed pursuant to Rule 4.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED that the First Amended Petition (Dkt. No. 10) be summarily dismissed pursuant to Rule 4 and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

Dated: June 19, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
brin0386.R4_2